IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00050-BNB

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 9 2009

GREGORY C. LANGHAM
CLERK

ADAM KARTIGANER,

      Plaintiff,

v.

HUERFANO COUNTY, COLORADO,
THE CITY OF WALSENBURG, COLORADO,
BRUCE NEWMAN, In his Official Capacity of Sheriff of Huerfano County, Colorado,
LARRY BALDONADO, In his Official Capacity of Police Chief of Walsenburg, Colorado,
DEREK PETERS, In his Official Capacity of Police Officer of Walsenburg, Colorado,
JOE BERNAL In his Official Capacity of Police Officer of Walsenburg, Colorado,
LEE ALLEN HAWKE, In his Official Capacity of District Attorney for the 3rd District of
    Colorado,
DIANNA PACHECO, In her Official Capacity of Investigator for the 3rd District, District
    Attorney,
THE 3rd DISTRICT COURT OF COLORADO,
THE COLORADO BUREAU OF INVESTIGATION,
JAUB COUNTY UTAH,
ALDEN ORME, In his Official Capacity of Sheriff of Juab County, Utah,,
HOBY METZ, In his Official Capacity of Utah Highway Patrol Officer,
THE 4th DISTRICT COURT OF UTAH,
MAY AUTOMOTIVE TOWING LLC,
UTAH STATE TAX COMMISSION, and
DOES 1 TO 10,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Adam Kartiganer appears to reside in Pasadena, California. On

February 9, 2009, Plaintiff submitted to the Court a *pro se* Complaint asserting

violations of his constitutional rights under 42 U.S.C. § 1983. In the Complaint, Mr.

Kartiganer asserts that on two occasions, one taking place in Walsenburg, Colorado,

and the other taking place in Nephi, Utah, he was subjected to false arrests, illegal searches and seizures, false imprisonments, unreasonable fines, and malicious prosecutions that ended in the criminal proceedings being dismissed. Plaintiff further asserts he was assaulted and battered, libeled and slandered, and subjected to extortion, embezzlement, and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages and the return of all pertinent criminal records to him.

With respect to the claims asserted against Defendants Bruce Newman, Larry Baldonado, Derek Peters, and Joe Bernal, the action will be drawn to a district judge and to a magistrate judge.

As for the claims asserted against Defendants Juab County, Alden Orme, Hoby Metz, The Fourth District Court of Utah, May Automotive Towing LLC, and Utah State Tax Commission, this Court lacks proper venue to review the claims. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because the actions by Defendants Juab County, Alden Orme, Hoby Metz, The Fourth District Court of Utah, May Automotive Towing LLC, and Utah State Tax Commission occurred in Utah, venue is improper in this Court. Therefore, Defendants

Juab County, Alden Orme, Hoby Metz, The Fourth District Court of Utah, May Automotive Towing LLC, and Utah State Tax Commission and the claims asserted against them will be dismissed.

Defendants Lee Allen Hawke and Dianna Pacheco also are improperly named as parties to the action based on Plaintiff's claims that they intentionally destroyed his property. An unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Plaintiff fails to allege that a meaningful postdeprivation remedy was unavailable. Defendants Hawke and Pacheco will be dismissed as improper parties to the action.

Furthermore, with respect to the prosecutorial activities in which Defendant Hawke was involved in Plaintiff's State of Colorado criminal case, he enjoys immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Therefore, Defendant Hawke also is an inappropriate party to this action based on absolute immunity.

With respect to Defendants Third District Court of Colorado and Colorado Bureau of Investigation, "[i]t is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The Third District Court of Colorado and the Colorado

3

Bureau of Investigation are improper parties to this action because they are state agencies and are protected from suit by the Eleventh Amendment.

As for Defendants Huerfano County and City of Walsenburg, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Defendants Huerfano County and City of Walsenburg will be dismissed as inappropriate parties to the action. Accordingly, it is

ORDERED that Defendants Huerfano County, City of Walsenburg, Juab County, Alden Orme, Hoby Metz, The Fourth District Court of Utah, May Automotive Towing LLC, Utah State Tax Commission, Lee Allen Hawke, Diana Pacheco, The Third District Court of Colorado, and Colorado Bureau of Investigation are dismissed from the action for the reasons stated above. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Huerfano County, City of Walsenburg, Juab County, Alden Orme, Hoby Metz, The Fourth District Court of Utah, May Automotive Towing LLC, Utah State Tax Commission, Lee Allen Hawke, Dianna Pacheco, The Third District Court of Colorado, and Colorado Bureau of Investigation from the docketing record as parties to this action. It is

FURTHER ORDERED that the claims asserted against remaining Defendants Bruce Newman, Larry Baldonado, Derek Peters, and Joe Bernal shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 19 day of _____ Feb. _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00050-BNB

Adam Kartiganer
P.O. Box 93578
Pasadena, CA 91109

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/19/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk