IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, Sheriff, Huerfano County, Colorado,
LARRY BALDONADO, Police Chief of Walsenburg, Colorado,
DEREK PETERS, Police Officer of Walsenburg, Colorado, and
JOE BERNAL, Police Officer of Walsenburg, Colorado,

    Defendants.

_____

### RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
_____

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion to Dismiss Complaint (pursuant to Fed. R. Civ. P. 12(b)(6)), or in the alternative, Motion for Summary Judgment as to Defendant Newman [filed April 21, 2009; docket #14]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **denied as moot**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by

This *pro se* action was initiated on January 13, 2009, alleging generally that Plaintiff was falsely arrested and suffered malicious prosecution for a period of five months before criminal charges were eventually dismissed. *See* docket #3 at 8. Plaintiff also alleges that the Colorado case was improperly used as a basis for an arrest and incarceration in Utah. *Id.* Upon initial review of the action, Judge Weinshienk dismissed certain defendants located in Utah for lack of venue and other defendants for immunity to suit, but allowed the action to proceed against Defendants Newman, Baldonado, Peters and Bernal. *See* docket #6.

In response to the Complaint, the remaining Defendants filed the within Motion to Dismiss ("Motion") arguing that Plaintiff's claims are barred by the statute of limitations, that Defendants Newman and Baldonado did not personally participate in the alleged conduct, and that the Complaint contains insufficient allegations to demonstrate a conspiracy among the Defendants. While Plaintiff filed a timely Response to the Defendants' motion, he also filed an Amended Complaint on June 22, 2009 [docket #24].

Federal Rules of Civil Procedure 15(a) provides that a party has a right to amend the pleading at one time without seeking leave of court as long as the amendment occurs before a responsive pleading is served." Fed. R. Civ. P. 15(a)(1) (2009); *see also Calderon v. Kansas Dep't of Social & Rehabilitation Servs.,* 181 F.3d 1180, 1185 (10th Cir. 1999). "Recognized pleadings are listed in Fed. R. Civ. P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer." *Glenn v. First Nat'l Bank,* 868 F.2d 368, 370 (10th Cir. 1989). "Ordinarily, a motion to dismiss is not deemed a

---

the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

responsive pleading." *Id.* (citing *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985)).  In the case at hand, no responsive pleading has been filed; thus, Plaintiff is entitled to amend the complaint without seeking leave of court.

Also, under Fed. R. Civ. P. 15(c)(1)(B), the Amended Complaint relates back to the filing of the original complaint.  "Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version." *See Robinson v. Dean Foods Co.*, 2009 WL 723329, *4 (D. Colo. Mar. 18, 2009) (Blackburn, J.) (quoting *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)).  Here, it appears that Plaintiff is attempting to condense and clarify his claims against the remaining four of the original fourteen defendants.  Consequently, this Court recommends that Defendants' motion to dismiss be denied as moot, and that Defendants be ordered to file an answer or other response to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Based on the foregoing, the Court RECOMMENDS that the District Court **deny as moot** the Motion to Dismiss Complaint (pursuant to Fed. R. Civ. P. 12(b)(6)), or in the alternative, Motion for Summary Judgment as to Defendant Newman [filed April 21, 2009; docket #14], and order that Defendants file an answer or other response to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Dated at Denver, Colorado, this 1st day of July, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge