IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, Sheriff, Huerfano County, Colorado,
LARRY BALDONADO, Police Chief of Walsenburg, Colorado,
DEREK PETERS, Police Officer of Walsenburg, Colorado, and
JOE BERNAL, Police Officer of Walsenburg, Colorado,

    Defendants.

---

**RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
AS TO DEFENDANT NEWMAN**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion to Dismiss Amended Complaint, or in the Alternative, Motion for Summary Judgment as to Defendant Newman [filed September 28, 2009; docket #29]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings

## BACKGROUND

This *pro se* action was initiated on January 5, 2009, alleging generally that Plaintiff was falsely arrested, falsely imprisoned and suffered malicious prosecution for a period of five months before criminal charges were eventually dismissed. *See* docket #3 at 8. Plaintiff also alleges that the Colorado case was improperly used as a basis for an arrest and incarceration in Utah. *Id.* Upon initial review of the action, Judge Weinshienk dismissed certain defendants located in Utah for lack of venue and other defendants for immunity to suit, but allowed the action to proceed against Defendants Newman, Baldonado, Peters and Bernal. *See* docket #6.

In response to the Complaint, the remaining Defendants filed a Motion to Dismiss arguing that Plaintiff's claims are barred by the statute of limitations, that Defendants Newman and Baldonado did not personally participate in the alleged conduct, and that the Complaint contains insufficient allegations to demonstrate a conspiracy among the Defendants. Plaintiff filed both a timely response to the Defendants' motion and an Amended Complaint on June 22, 2009 [dockets #22 and #24]. The Court construed the Amended Complaint as having been filed "as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1). Thereafter, Judge Daniel adopted this Court's recommendation to dismiss the original Motion to Dismiss as moot and ordered the Defendants to file an answer or other response to the Amended Complaint. Docket #28. Defendants timely filed the within Motion to Dismiss Amended Complaint ("Motion") on September 28, 2009. The matter is briefed and ripe for adjudication.

---

and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

In his Amended Complaint, the Plaintiff makes essentially the same allegations and claims as those set forth in his original Complaint against the Colorado defendants, but asserts them here solely against the four remaining Defendants. Plaintiff alleges that Defendants violated "the laws of the State of Colorado and violated the Constitution of the United States" by their conduct arising from Plaintiff's arrest, detention and prosecution that occurred during the time period July 23, 2006, through January 2, 2007. In essence, the Plaintiff claims the Defendants violated his constitutional rights when they stopped him for a traffic violation, searched and seized his vehicle, seized certain financial documents, and detained and prosecuted him for possession of an illegal financial transaction device. Thus, construing the Amended Complaint liberally, the Court finds that Plaintiff brings various constitutional claims, including those for false arrest, false imprisonment, malicious prosecution, conspiracy[2] and due process[3] pursuant to 42 U.S.C. § 1983, and state tort claims of assault and battery, intentional infliction of emotional distress, and slander and libel (defamation).

Defendants move to dismiss Plaintiff's claims asserting that they are barred by the statute of limitations, that Defendants Newman and Baldonado did not personally participate in the alleged

---

[2]While the Plaintiff alleges that Defendants "conspired to violate the civil rights of plaintiff" (docket # 24 at 5), he makes no allegations that such conspiracy was "motivated by a class-based, invidiously discriminatory animus." *See Dixson v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990). Therefore, the Court will not construe Plaintiff's conspiracy claim as brought pursuant to 42 U.S.C. § 1985. *Id.* However, the Tenth Circuit has recognized the difference between conspiracy claims brought pursuant to § 1985(3) and § 1983. *See Maxey v. Banks*, 26 F. App'x 805, 809 n. 4 (10th Cir. Nov. 21, 2001); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990) ("[a] § 1983 conspiracy claim also may arise when a plaintiff does not wish to rely exclusively on § 1985(3) with its requirement of class-based, discriminatory animus.").

[3]The Court construes Plaintiff's claims for "embezzlement," "extortion" and "intentional destruction of property" as alleging denial of his property without due process of the law in violation of the Fourteenth Amendment.

3

conduct, and that the Amended Complaint contains insufficient allegations to demonstrate a conspiracy among the Defendants. Plaintiff responds that he was barred from filing this action, which includes a claim for malicious prosecution, until the state charges against him were invalidated (dismissed), pursuant to the U.S. Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, Plaintiff asserts that his claims against Defendants Newman and Baldonado arise from unlawful customs or policies of Huerfano County and the city of Walsenburg that were imposed upon him during his arrest and detention. Finally, the Plaintiff contends that Defendants allegedly engaged in a conspiracy when they communicated with each other about how to proceed just before his arrest during a traffic stop, when they required him to pay fees at the time of his arrest and detention, and when they testified falsely concerning the arrest and detention. Defendants reply that Plaintiff's response fails to demonstrate that the Amended Complaint should not be dismissed.

**STANDARD OF REVIEW**

**I.     Dismissal under Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the

factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## ANALYSIS

Defendants' primary challenge to the Amended Complaint is that all of the Plaintiff's claims

are barred by the statute of limitations; therefore, the Court will begin its analysis with a determination as to whether the Plaintiff's claims are timely filed. If some or all of the claims are timely, the Court will proceed to analyze the remaining defenses raised in Defendants' motion.

**I.      Statute of Limitations**

Where Congress has not enacted an express statute of limitations for a particular cause of action, federal courts generally borrow and apply the most closely analogous state statute of limitations, unless to do so would be inconsistent with federal law. *See Owens v. Okure,* 488 U.S. 235, 239 (1989). An action brought pursuant to 42 U.S.C. § 1983 is subject to the statute of limitations of the general personal injury statute in the state where the action arose. *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (citing *Wilson v. Garcia,* 471 U.S. 261 (1985) (§1983 actions are subject to statute of limitation provided for general personal injury actions in state where action arose)). The applicable statute of limitations in Colorado is two years. *Id.*; *see also* Colo. Rev. Stat. § 13-80-102.

Federal law, not state law, controls the issue of when a federal cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Industrial Constructors Corp.*, 15 F.3d at 968. Typically, the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. *United States v. Kubrick,* 444 U.S. 111, 121 (1979); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991); *Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d 687, 692 (10th Cir.), *cert. denied,* 454 U.S. 895 (1981). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Peterson,* 651 F.2d at 692.

Here, the Amended Complaint reflects that Plaintiff's claims arise from an arrest and

detention that occurred July 23-24, 2006, and from a criminal prosecution that occurred thereafter. The Plaintiff asserts that the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994), barred him filing his § 1983 action until January 2, 2007, when the state court dismissed his criminal charges.[4]  *Heck* holds that,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Defendants argue that Plaintiff's claims against them are all subsumed into a claim for false arrest/imprisonment and, thus, the Supreme Court's opinion in *Wallace v. Kato*, 549 U.S. 384 (2007), which held that *Heck* does not apply to toll the statute of limitations on false arrest/imprisonment claims, governs here.[5]

---

[4]*Heck* is the only basis upon which the Plaintiff relies for his argument that the statute of limitations was tolled on his constitutional claims.

[5]Neither party addresses an initial question in this case: whether *Heck* applies to a § 1983 action arising from criminal proceedings for which there was no conviction or sentence. There is nothing in the Amended Complaint nor in the briefing indicating whether the Plaintiff was convicted of the criminal charges; instead, it appears that the charges were dismissed following a probable cause hearing. Docket #24 at 12. Thus, the first question to answer typically would be whether *Heck* applies to toll the statute of limitations on Plaintiff's claims arising from pending charges rather than from a conviction.

The current law in the Tenth Circuit answers this question in the affirmative. *See Beck v. City of Muskogee*, 195 F.3d 553, 557 (10th Cir. 1999). However, some circuits have found that the Supreme Court in *Wallace* has unequivocally determined that *Heck* does not apply in a pre-conviction context. *See Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) ("[i]n no uncertain terms ... the Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context."); *see also McClish v. Nugent*, 483 F.3d 1231, 1251 (11th Cir. 2007) (*Heck* did not apply to bar false arrest claim since plaintiff was never convicted of any crime); *Zarro v. Spitzer*, 274 F. App'x 31, 35 (2d Cir. Apr. 18, 2008) (*Heck* inapplicable to false arrest/imprisonment and

According to the Tenth Circuit, "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. City of Muskogee*, 195 F.3d 553, 557 (10th Cir. 1999). In 2007, the Supreme Court in *Wallace* observed that "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,' that is to say, an 'outstanding criminal judgment.' It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn." *Wallace,* 549 U.S. at 393 (emphasis in original). The Supreme Court rejected the plaintiff's argument that *Heck* should apply to toll the statute of limitations on his false arrest/imprisonment claim saying that, even if *Heck* were to apply to the date on which the plaintiff became held pursuant to legal process (i.e., after the date of accrual for the false arrest claim), there was in existence at that later time no criminal conviction that the cause of action would impugn. *Id.* Thus, the Court rejected the principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs or is set aside." *See id.* (emphasis in original).

---

malicious prosecution claims since there was no extant conviction that a judgment in plaintiff's favor could impugn). In fact, a district court in the Sixth Circuit recognized that *Wallace* has overruled the Tenth Circuit's decision in *Beck* and other circuit decisions finding that the concerns of *Heck* apply pre-conviction as well as post-conviction. *See Kucharski v. Leveille*, 526 F. Supp. 2d 768, 774 (E.D. Mich. 2007) ("[i]n *Wallace* ..., the Supreme Court overruled all precedents in the circuits applying *Heck* to bar section 1983 claims filed by persons with criminal charges pending in state court or deferring the accrual date of such claims. *Heck* only applies if the plaintiff has actually been convicted."); *see also Reed v. City of Fruita*, 2008 WL 2705189, *3 (D. Colo. July 8, 2008) (unpublished) (citing *Kucharski*).
    However, since neither party raised this question and the matter is not one challenging this Court's jurisdiction, the Court will not raise the issue *sua sponte* to analyze whether *Beck* has been overruled.

In other words, *Wallace* distinguished conduct giving rise to a claim for false imprisonment (detention without legal process) from conduct giving rise to a claim for malicious prosecution (detention accompanied by wrongful institution of legal process) in determining whether *Heck* applies to toll a § 1983 statute of limitations. *Wallace*, 549 U.S. at 389-90. In so doing, the *Wallace* Court held that the statute of limitations for a § 1983 false arrest/imprisonment claim begins to run at the time the claimant becomes detained pursuant to legal process. *Id.* at 391. Consequently, *Heck* does not apply to toll the accrual of a cause of action for false arrest/imprisonment, but rather, may be applied to toll claims arising from detention accompanied by the wrongful institution of legal process.

In fact, *Wallace* affirmed *Beck*'s holding that *Heck* does not apply to bar or toll the statute of limitations on false arrest claims. *See Beck*, 195 F.3d at 558 ("nothing in *Heck* changes the general rule that causes of action relating to an allegedly illegal arrest arises at the time of the arrest"); *see also Wallace*, 549 U.S. at 393 (*Heck* does not apply to toll the statutes of limitations on a false arrest/imprisonment claim).

Therefore, following *Beck* and *Wallace*, the Court finds that *Heck* may apply to toll the statute of limitations on the Plaintiff's claims arising from pending criminal charges, but such application depends upon the nature of the claim and whether a favorable determination of the claim would have implied the invalidity of a conviction. "If he has been imprisoned without legal process, he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to a legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir.

2008). The Fourth Amendment claim accrues "when the plaintiff is released or legal process is instituted justifying that imprisonment." *Id.* at 1083 (citing *Wallace*, 549 U.S. at 391). A Fourteenth Amendment claim alleging a detention accompanied by a wrongful institution of legal process accrues "at the earliest, when favorable termination occurs." *Id.*

Here, *Heck* clearly does not apply to toll the limitations period on Plaintiff's false arrest and false imprisonment claims. The false arrest/imprisonment claims accrued on July 24, 2006, when the Plaintiff was released. The Plaintiff did not file this action until January 5, 2009; thus, the claims are time-barred. Likewise, Plaintiff's claims seeking relief for property allegedly denied him without due process (i.e., "embezzlement," "extortion" and "intentional destruction of property") accrued at the time of the harm (payment of fees and desecration and impoundment of Plaintiff's vehicle at the time of the arrest), since the favorable determination of such claims would not have implied the invalidity of a conviction. Thus, *Heck* would not apply to toll the statute of limitations and the claims are time-barred.

The Court disagrees with Defendants that Plaintiff's claims are all subsumed into a Fourth Amendment claim for false arrest/imprisonment.[6] Plaintiff clearly, in both his original and Amended Complaints, alleges a claim for malicious prosecution against the Defendants asserting that Defendants "presented testimony in a state court that was plainly incredible in [an] attempt to justify and continue a [sic] illegal and malicious prosecution." Docket #24 at 3. The Tenth Circuit has held

---

[6]As stated previously, the Plaintiff has also alleged state tort claims of assault and battery, intentional infliction of emotional distress ("outrageous conduct"), and defamation. The Defendants have limited their statute of limitations argument to claims arising under 42 U.S.C. § 1983, and have raised no challenge as to whether the state law claims are time-barred. The matter does not raise a question of this Court's jurisdiction; thus, the Court will not address the issue *sua sponte*.

that police officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004) ("[i]f police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors, or magistrates to confine or prosecute him.") (quoting *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988)).

Here, the Plaintiff's claims for malicious prosecution and conspiracy, which arise from Plaintiff's allegation that Defendants "conspired to instigate and participate in a sham investigation with the purpose to maliciously prosecute plaintiff" are not time-barred. Because a favorable decision of the claims would imply the invalidity of a possible conviction at the time the claims accrued, the claims were barred from suit until the criminal charges were dismissed. Therefore, the statute of limitations on these claims was tolled until January 2, 2007, when the charges were finally dismissed.[7] The Plaintiff timely filed his Complaint containing the malicious prosecution and conspiracy claims on January 5, 2009, the first business day following the Court's closure on January 2, 2009.

Based upon the foregoing, the Court recommends that the District Court deny Defendants' motion to dismiss Plaintiff's § 1983 claims for malicious prosecution and conspiracy based upon a statute of limitations challenge, but grant as to Plaintiff's remaining § 1983 claims for false arrest, false imprisonment and denial of property without due process, since they are barred by the two-year statute of limitations.

---

[7]Defendants do not dispute that January 2, 2007 was the date upon which Plaintiff's criminal charges terminated in his favor. *See* docket #29 at 4 ("Plaintiff's claims here accrued when he was arrested ... not when his conviction was set aside on January 2, 2007").

## II.     Personal Participation

Defendants contend that Defendants Bruce Newman, Huerfano County Sheriff, and Larry Baldonado, Walsenburg Police Chief, did not personally participate in any incident giving rise to Plaintiff's claims and, therefore, must be dismissed from this action as a matter of law. Docket #29 at 6. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted).

Plaintiff argues that Sheriff Newman[8] is responsible for the policy under which he was required to pay a "booking fee," a "bonding fee" and a "turnkey fee," and for training the officers operating in his jurisdiction. Docket #32 at 4-5. There are no allegations that Sheriff Newman participated in any action to maliciously prosecute, defame, assault, batter or conspire against the Plaintiff. Instead, Plaintiff's allegations reflect that the officers who did participate in his arrest, detention and prosecution were employed by the city of Walsenburg, not Huerfano County. *See* docket #24 at 6-7. Therefore, because Plaintiff fails to allege that Sheriff Newman personally participated in any incident giving rise to Plaintiff's § 1983 malicious prosecution, conspiracy or

---

[8]The Plaintiff does not specify whether he brings claims against the Defendants in their individual and/or official capacities. However, considering Judge Weinshienk's order dismissing Huerfano County and the City of Walsenburg from this action [docket #6], the Court assumes, like the Defendants, that Plaintiff's claims are brought against the Defendants in their individual capacities.

state law claims,[9] the Court recommends that Sheriff Newman be dismissed as a Defendant in this action.

With respect to Police Chief Baldonado, the Plaintiff alleges that the "officers ... who made or assisted in false arrests were defectively hired, trained, retained and supervised by the aforementioned agencies." Docket #24 at 3. In addition, the Plaintiff alleges that Defendants "conspired to instigate and participate in a sham investigation with the purpose to maliciously prosecute plaintiff." *Id.* at 5. Plaintiff also alleges that Defendants "presented testimony in a state court that was plainly incredible in [an] attempt to justify and continue a [sic] illegal and malicious prosecution." *Id.* at 3. In response to the motion to dismiss, the Plaintiff contends that Chief Baldonado, by custom and policy of his department, improperly created a charge of "blocking traffic," authorized traffic officers to illegally detain him without probable cause, authorized the fact of Plaintiff's arrest to appear on a Colorado Bureau of Investigation report, deprived the Plaintiff of his property, and provided inadequate training of Officers Peters and Bernal. Docket #32 at 5-6.

Construing the Plaintiff's Amended Complaint liberally as I must, I find that Plaintiff's allegations assert plausible claims that Chief Baldonado may have participated in actions giving rise to Plaintiff's defamation claim, as well as actions giving rise to the "conspir[acy] to instigate and participate in a sham investigation with the purpose to maliciously prosecute plaintiff" by either affirmatively directing or by failing to supervise and/or failing to train Officers Bernal and Peters. Therefore, the Court recommends that the District Court deny Defendants' motion to dismiss

---

[9]The Court comes to this conclusion based upon a review of the Amended Complaint only; therefore, the Court need not consider the affidavit provided by Sheriff Newman nor review the Defendants' motion pursuant to Fed. R. Civ. P. 56. *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

13

Plaintiff's claims against Defendant Baldonado based upon a personal participation challenge.

### III.     Specificity of Conspiracy Claim

Defendants contend that Plaintiff's Amended Complaint contains non-specific and conclusory allegations that are insufficient to state a § 1983 claim for conspiracy. Docket #29 at 6. Allegations of conspiracy may form the basis of a § 1983 claim. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990) (a "conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law" is actionable under § 1983). A plaintiff "must plead and prove not only a conspiracy, but also an actual deprivation of rights." *Dixon*, 898 F.2d at 1449; *see also Snell*, 920 F.2d at 701-02 ("a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim"). In addition, a plaintiff must allege specific facts showing an agreement and concerted action among the defendants. *Tonkovich*, 159 F.3d at 533 (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.")).

Here, the Court finds that, construing the Plaintiff's allegations liberally and taking them as true, Plaintiff's allegations that Defendants "conspired to instigate and participate in a sham investigation with the purpose to maliciously prosecute plaintiff" [docket #24 at 2], "presented testimony in a state court that was plainly incredible in [an] attempt to justify and continue a [sic] illegal and malicious prosecution" [*id.* at 3], and "conspired to violate the civil rights of plaintiff by relaying information on how to violate the laws of the state of Colorado and circumvent the United States Constitution" [*id.* at 5], together with the Plaintiff's assertion in his response to the within motion that "supervisory personnel ... instructed the arresting officer on how [to] submit plainly incredible testimony ... in state court to pursue false convictions" [docket #32 at 7] demonstrate

specific facts necessary to state a § 1983 conspiracy claim. *See Snell*, 920 F.2d at 702 (to show the existence of an agreement, "it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences") (citations omitted); *see also Dunn v. Marrelli*, 3 F. App'x 710, 715 (10th Cir. Jan. 10, 2001) (plaintiffs stated valid § 1983 conspiracy claim by implying the existence of an agreement and alleging that defendants acted in "conspiracy with each other and others"). Moreover, the Plaintiff pleads a deprivation of his constitutional rights to be free from malicious prosecution, as necessary to state a valid conspiracy claim.

Based on the foregoing, the Court recommends that the District Court deny Defendant's motion to dismiss Plaintiff's § 1983 conspiracy claim for failure to plead specific facts.

## **CONCLUSION**

Here, the Plaintiff has timely stated plausible § 1983 claims for malicious prosecution and conspiracy against Defendants Baldonado, Bernal and Peters; however, the Court finds that the remainder of Plaintiff's § 1983 claims should be dismissed as barred by the statute of limitations. Because the within motion does not address Plaintiff's state tort claims, the Court makes no findings as to those claims. Accordingly, the Court RECOMMENDS that Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Motion for Summary Judgment as to Defendant Newman [filed September 28, 2009; docket #29] be **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Dated at Denver, Colorado, this 4th day of December, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge