IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity of Sheriff of Huerfano County, Colorado,
LARRY BALDONADO, in his official capacity of Police Chief of Walsenburg, Colorado,
DEREK PETERS, in his official capacity of Police Officer of Walsenburg, Colorado, and
JOE BERNAL, in his official capacity of Police Officer of Walsenburg, Colorado,

    Defendants.

───────────────────────────────────────────────────────────────────

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**
───────────────────────────────────────────────────────────────────

Pending before the Court is Defendants' Motion to Stay pending Determination of Entitlement to Qualified Immunity from Defendants [filed February 3, 2010; docket #64]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the Motion is referred to this Court for disposition. (Docket #65.) Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay.

The Court incorporates by reference the Background of this matter briefly described in its pending Recommendation on Defendants' Motion to Dismiss Amended Complaint. (*See* docket #39.) Defendants filed a Corrected Motion for Summary Judgment on February 4, 2010, contending that, "as Colorado State officials," all Defendants are entitled to qualified immunity. (*See* docket #66.) Defendants then submitted the Motion to Stay presently before the Court, which asserts that

discovery in this matter should be stayed because the Motion for Summary Judgment asserts that all Defendants are entitled to qualified immunity. (Docket #64 at 1.)

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). As Defendants raise qualified immunity as their primary defense in the pending Motion for Summary Judgment, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question.

Accordingly, the Court **GRANTS** Defendants' Motion to Stay pending Determination of Entitlement to Qualified Immunity from Defendants [filed February 3, 2010; docket #64]. Discovery is stayed pending resolution of Defendants' Corrected Motion for Summary Judgment. The parties shall file a status report within three business days of receiving a ruling on the Corrected Motion for Summary Judgment, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 4th day of February, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge