IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

      Plaintiff,

v.

BRUCE NEWMAN, Sheriff, Huerfano County, Colorado,
LARRY BALDONADO, Police Chief of Walsenburg, Colorado,
DEREK PETERS, Police Officer of Walsenburg, Colorado, and
JOE BERNAL, Police Officer of Walsenburg, Colorado,

      Defendants.

_____

**RECOMMENDATION ON DEFENDANTS' CORRECTED
MOTION FOR SUMMARY JUDGMENT**

_____

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Corrected Motion for Summary Judgment [filed

February 4, 2010; docket #66]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C,

the motion has been referred to this Court for recommendation. The matter is briefed and the Court

finds that oral argument is unnecessary in the determination of the motion. The Court recommends

that, for the following reasons, the motion be **granted**.[1]

_____

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and
file any written objections in order to obtain reconsideration by the District Judge to whom this
case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify
those findings or recommendations to which the objections are being made. The District Court
need not consider frivolous, conclusive or general objections. A party's failure to file such
written objections to proposed findings and recommendations contained in this report may bar
the party from a de novo determination by the District Judge of the proposed findings and
recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980);
28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings
and recommendations within fourteen (14) days after being served with a copy may bar the

## BACKGROUND

### I.    Undisputed Material Facts

The following pertinent facts are unrebutted for purposes of this motion:

On July 23, 2006, Plaintiff was arrested during a traffic stop in Walsenburg, Colorado. [*See* Amended Complaint, docket #24 at 4.] Following the arrest, the evidence seized during the stop was provided to the District Attorney's Office. [*See* Affidavit of Paul Wiese, ¶ 2, docket #66-1 at 1.] The seized evidence consisted of financial instruments belonging to individuals other than the Plaintiff. [*Id.*]

Based on the seized evidence, the District Attorney's Office made the determination that probable cause existed to file felony criminal charges against Plaintiff. [*Id.* ¶ 3.] Consequently, the District Attorney for the Third Judicial District, State of Colorado, filed a felony Complaint and Information in the District Court, Huerfano County, Colorado, charging Plaintiff with certain felonies including identity theft and criminal possession of a financial device. [Docket #66-2.] Plaintiff was also charged with false reporting to authorities as well as other state misdemeanors relating to his operation of the motor vehicle in question. [*Id.*]

For the criminal charges, Plaintiff was appointed representation by the Public Defender who filed a motion to suppress the evidence seized from Plaintiff's car on July 23, 2006. [Docket #66-3.] A hearing was held on the motion to suppress on December 26, 2006, in the District Court in Walsenburg. [Declaration of Adam Kartiganer, June 22, 2009, ¶ 3, docket #24 at 12.] Following

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

the hearing, the court found no probable cause for the traffic stop in question and suppressed all evidence obtained during that stop. [*Id.*; *see also* Deposition of Paul Wiese ("Wiese depo"), May 13, 2010, p. 30, ll. 6-10, docket #96-2 at 32.]

As a result of the suppression order, the District Attorney's Office filed a motion to dismiss the charges against Plaintiff because the evidence supporting the felony charges had been suppressed, and the People were unable to go forward with the prosecution of the charges. [Docket #66-4; *see also* Wiese Affidavit, ¶ 4, docket # 66-1.]

Under Colorado law, a peace officer cannot bring felony charges against an individual; such charges may be brought only by an appointed District Attorney. [Wiese Affidavit, ¶ 5.]

## II.     Procedural History

This *pro se* action was initiated on January 5, 2009, alleging generally that Plaintiff was falsely arrested, falsely imprisoned and suffered malicious prosecution for a period of five months before criminal charges against him were eventually dismissed. *See* docket #3 at 8. Upon initial review of the action, Judge Weinshienk allowed the action to proceed only against Defendants Newman, Baldonado, Peters and Bernal. *See* docket #6.

The Plaintiff filed an Amended Complaint making essentially the same allegations and claims as those set forth in his original Complaint, but asserting them solely against the four remaining Defendants. Construing the Amended Complaint liberally, this Court found that Plaintiff brings various constitutional claims in this action, including those for false arrest, false imprisonment, malicious prosecution, conspiracy and due process[2] pursuant to 42 U.S.C. § 1983,

---

[2]The Court construed Plaintiff's claims for "embezzlement," "extortion" and "intentional destruction of property" as alleging denial of his property without due process of the law in violation of the Fourteenth Amendment.

and state tort claims of assault and battery, intentional infliction of emotional distress, and slander and libel (defamation).  Docket #39 at 3.

Defendants filed a Motion to Dismiss Amended Complaint ("Motion") on September 28, 2009, asserting Plaintiff's claims are barred by the statute of limitations, that Defendants Newman and Baldonado did not personally participate in the alleged conduct, and that the Amended Complaint contains insufficient allegations to demonstrate a conspiracy among the Defendants.  This Court issued a Report and Recommendation that Defendants motion be granted in part and denied in part.  Specifically, this Court recommended that Plaintiff's claims for false arrest, false imprisonment and due process be dismissed as barred by the statute of limitations, that Defendant Newman be dismissed as a party for Plaintiff's failure to plausibly allege personal participation, and that Plaintiff's claims for malicious prosecution and conspiracy proceed against Defendants Baldonado, Peters, and Bernal.  The Court made no findings as to the Plaintiff's state law claims, which were not challenged in the motion to dismiss.  The Report and Recommendation is currently pending  before the District Judge.

In the present motion, Defendants seek summary judgment on the claims this Court recommended should proceed in the litigation.  Specifically, Defendants Baldonado, Peters and Bernal contend they are entitled to qualified immunity for Plaintiff's failure to demonstrate that they maliciously prosecuted him and conspired to maliciously prosecute him.  Also, Defendants argue the Plaintiff cannot demonstrate they personally participated in the alleged constitutional violations. Moreover, Defendants assert that the state law claims brought against them are barred by the applicable statute of limitations.  Plaintiff primarily challenges the motion arguing that a witness affidavit in support of the motion is false and contains material omissions.

## STANDARD OF REVIEW

**I.      Summary Judgment Pursuant to Fed. R. Civ. P. 56**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins.*

*Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Even viewing the evidence in the light most favorable to the Plaintiff, this Court finds that he fails to show a genuine issue of material fact allowing this case to proceed to trial.

## I.     Plaintiff's Challenge

The Plaintiff responds to the present motion primarily by challenging the reliability of a witness and the witness' affidavit proffered by the Defendants. The affidavit was prepared for and

executed under oath by Paul D. Wiese, Deputy District Attorney for Huerfano County. Plaintiff contends that Defendants rely solely on Mr. Wiese's testimony for their motion, and that Mr. Wiese is incompetent to testify for Defendants "due to the material omissions ... in his sworn statements and his generally faulty memory of the time period in question." Docket #96 at 3-4.

"Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." *Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir. 1988); *see also* Fed. R. Civ. P. 56(e) (affidavits filed in support or opposition of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated").

The sole basis upon which the Plaintiff relies for his contention that Mr. Wiese is incompetent to testify is a "comparison" between Mr. Wiese's affidavit and an affidavit completed by Defendant Bernal at the time of the traffic stop and arrest. The Plaintiff identifies no actual discrepancy between the two, and the Court finds none. Officer Bernal's affidavit reflects his personal knowledge of events that occurred at the traffic stop and arrest. *See* docket #96-2 at 1-2. There is no indication that Mr. Wiese was present at the time. However, Officer Bernal does attest that he contacted Mr. Wiese by telephone to seek permission to open a locked box found in the Plaintiff's van during the traffic stop. *Id.* at 2. Mr. Wiese apparently "gave the ok to open the lock box." *Id.* This is the only instance reflected in the affidavit demonstrating Mr. Wiese's involvement in the traffic stop and arrest.

Assuming that the Plaintiff challenges this portion of the affidavit, and comparing Officer Bernal's affidavit to Mr. Wiese's affidavit, it appears Mr. Wiese does not mention in his affidavit

the telephone call from Officer Bernal. During his subsequent deposition testimony taken on May 13, 2010, Mr. Wiese asserts that he has received many telephone calls from officers with questions during traffic stops at off-duty hours (Wiese depo, p. 12, ll. 23-25, p. 13, l. 1, docket #96-2 at 14) and concedes that he does not remember the specific phone call from Officer Bernal on July 23, 2006 (*id.*, p. 8, ll. 11-25, p. 9, l. 1). The Court finds that Mr. Wiese's lack of memory of a specific telephone call made nearly four years ago is not unreasonable. Moreover, the Plaintiff fails to indicate how such omission from Mr. Wiese's affidavit is material to his case.

The Plaintiff points to no other specific instance of Mr. Wiese's "generally faulty memory," and considering the deposition as a whole, the Court finds nothing unreasonable in Mr. Wiese's responses to deposition questions, particularly considering the form of the questions asked, the passage of time and the lack of certain documents (*i.e.*, his affidavit) provided to refresh memory.

The Plaintiff also contends that Officers Bernal and Peters are "incompetent to testify due to their respective dishonorable discharge[s] from the Walsenburg, CO police department after the incident involving the plaintiff and his vehicle." Docket #96 at 5. The Court finds this allegations conclusory and without sufficient factual support.

Consequently, the Court recommends finding that Plaintiff's challenge to the motion for summary judgment fails to raise a genuine issue of material fact that would allow the case to proceed to trial.

## II.     Defendants' Evidence

Even if the Plaintiff fails to present evidence demonstrating an issue of material fact in response to the summary judgment motion, the Defendants still bear the burden of demonstrating they are entitled to summary judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

"Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c)." *Murray v. City of Tahlequah, Oklahoma,* 312 F.3d 1196, 1200 (10th Cir. 2002). "If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (internal quotation marks and citation omitted). "If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.*

To meet their burden of production required to support summary judgment, the Defendants "need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 674 (10th Cir. 2002) (citation omitted). "Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law given [the] uncontroverted, operative facts." *Id.* Irrelevant or unnecessary factual disputes will not be considered. *Id.*

Here, Defendants assert they are entitled to qualified immunity on the stated constitutional claims in that Plaintiff has failed to demonstrate they personally participated in the alleged malicious prosecution and conspiracy claims and failed to show there was no probable cause for the criminal complaint. Moreover, Defendants argue the state tort claims are barred by the statute of limitations. Thus, the Court will proceed to analyze each of Defendants' arguments to determine whether summary judgment is appropriate.

A.     Personal Participation

With respect to the personal participation argument, Defendants contend that the decision

to prosecute the Plaintiff was made solely by Deputy District Attorney Wiese based upon the

evidence seized during the traffic stop, and that Plaintiff has failed to come forward with evidence

demonstrating a fact issue regarding whether Defendants Baldonado, Peters and Bernal participated

in this decision.

"Individual liability under § 1983 must be based on personal involvement in the alleged

constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status

alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008).

Rather, there must be "an affirmative link ... between the constitutional deprivation and either the

supervisor's personal participation, his exercise of control or direction, or his failure to supervise."

*Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation marks and brackets omitted).

As set forth above, Plaintiff does not specifically challenge Defendants' contentions in his

response to the summary judgment motion. However, he does attach a declaration "submitted under

penalty of perjury" to his response brief ("June 22, 2010 declaration") and has attached a declaration

"submitted under penalty of perjury" to his Amended Complaint ("June 22, 2009 declaration"),

which may be construed as an affidavit for summary judgment purposes.[3] *See Conaway,* 853 F.2d

at 792 ("Although a nonmoving party may not rely merely on the unsupported or conclusory

allegations contained in his pleadings, a verified complaint may be treated as an affidavit for

_____

[3]The Amended Complaint itself is not verified; therefore, the Court does not rely on that
pleading. However, the attached declaration contains some "facts" based upon the Plaintiff's
personal knowledge and signed "under penalty of perjury"; therefore, pursuant to Rule 56(e), the
Court may consider portions of the declaration in adjudicating the motion for summary
judgment.

purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").

Where the court treats a verified complaint as an affidavit, whether a party's affidavit in opposition

to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in

light of the principle that 'conclusory allegations without specific supporting facts have no probative

value.'" *Nichols v. Hurley,* 921 F.2d 1101, 1113 (10th Cir. 1990) (quoting *Evers v. General Motors*

*Corp.,* 770 F.2d 984, 986 (11th Cir. 1985)). "[T]here may be cases where the sole reliance on a

verified complaint would be insufficient to meet a nonmoving party's burden ..., especially when the

allegations contained in the pleading are merely conclusory." *Conaway,* 853 F.2d at 792-93.

Construing these documents liberally as I must, the Court will proceed to determine whether the

Plaintiff has met his burden of presenting specific facts to overcome Defendants' motion.

Pertinent to the personal participation question, the Tenth Circuit has held that police officers

who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983

claim for malicious prosecution. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004) ("[i]f

police officers have been instrumental in the plaintiff's continued confinement or prosecution, they

cannot escape liability by pointing to the decisions of prosecutors or grand jurors, or magistrates to

confine or prosecute him.") (quoting *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988)).

The Plaintiff states in his June 22, 2010 declaration that "on July 23, 2006 [he] witnessed ...

officer Joe Bernal communicating via cellular telephone with a party that former officer Bernal

volunteered was 'the district attorney' just before former officer Bernal committed allegedly

unconstitutional acts against the plaintiff." Docket #96 at 9, ¶ 3. In his June 22, 2009 declaration

attached to the Amended Complaint, the Plaintiff asserts that, on July 23, 2006, he witnessed "

police officer Derek Peters[4] make cellular phone call or calls to whom officer Peters described to plaintiff as [a] person in [a] law enforcement supervisory role for ... Walsenburg, Colorado" and "Derek Peters [took] directions from the person on the other end of the cellular phone conversation." Docket #24 at 14-15, ¶¶ 21, 22. Plaintiff also asserts that "on December 26, 2006, [he] witnessed ... officer Derek Peters giving testimony under oath that on the day in question at [the] point in [the] road that officer Peters measured my speed with [a] departmental radar unit I was traveling at a speed of 23 m.p.h." *Id.* at 12-13, ¶ 11.

For purposes of summary judgment, the Court finds Plaintiff's assertions to be conclusory without sufficient supporting facts. Assuming for purposes of this motion it is unrebutted, the fact that Officer Bernal called Mr. Wiese during the traffic stop itself does not demonstrate that Officer Bernal participated in the subsequent decision to prosecute the Plaintiff for charges of identity theft and criminal possession of a financial device based upon the evidence the officers seized from Plaintiff's vehicle during the traffic stop. Officer Bernal attests that he called Mr. Wiese *before* opening the box containing financial documents belonging to other individuals, and the Plaintiff does not refute this. Moreover, there is no evidence other than the Plaintiff's conclusory assertions that the Defendants presented "plainly incredible" testimony in state court with respect to the criminal charges; the Plaintiff fails to explain or demonstrate how Officer Peters' testimony is false or misleading. Finally, the Plaintiff makes no other assertions regarding the Defendants' alleged participation in his criminal prosecution, particularly none with respect to misrepresenting to or

---

[4]There appears to be some confusion on the Plaintiff's part as to whether Officer Peters or Officer Bernal made a telephone call to Mr. Wiese during the traffic stop. However, upon review of Officer Bernal's affidavit, provided by the Plaintiff in response to the motion, the Court will assume, as do the parties, that Officer Bernal made the telephone call.

concealing material facts from Mr. Wiese. Therefore, the Court recommends that the District Court find Defendants Baldonado, Bernal and Peters are entitled to qualified immunity on the constitutional claims for malicious prosecution and conspiracy for Plaintiff's failure to demonstrate they personally participated in the alleged violations.

B.      "Probable Cause" Element

Alternatively, Defendants contend that Plaintiff fails to establish a key element of his malicious prosecution claim and, thus, cannot raise an issue of fact as to either that claim or his claim that Defendants conspired to maliciously prosecute him.

In the Tenth Circuit, "state law provides the starting point for analyzing a Fourth Amendment claim for malicious prosecution under § 1983." *Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001). In Colorado, the essential elements to support an action for malicious prosecution are (1) the institution of a criminal action by the defendant; (2) its termination in favor of the plaintiff; (3) the absence of probable cause for the complaint; (4) the presence of malice by the defendant; and (5) damage to plaintiff. *Lounder v. Jacobs*, 205 P.2d 236, 238 (Colo. 1949); *see also Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004) (en banc).

Here, Defendants contend that Plaintiff has failed to demonstrate the third element, absence of probable cause for the criminal complaint. In his June 22, 2010 declaration, the Plaintiff asserts "[t]he defendants lost in a pretrial motion which I challenged the probable cause of the case brought against me by Paul D. Wiese. ... The state court based their adjudication in my favor on lack of probable cause for the traffic stop, but just as easily could have dismissed the aforementioned case on any number of other issues." Docket #96 at 9, ¶¶ 4, 5. The June 22, 2009 declaration attached to the Amended Complaint reflects essentially the same assertions. *See* docket #24 at 12, ¶¶ 3-5.

Both the Plaintiff and Defendants agree that the state court found no probable cause for the traffic stop and granted the motion to suppress the evidence seized during the traffic stop. *Id.*; *see also* Wiese depo, p. 30, ll. 6-10, docket #96-2 at 32. However, the question in a malicious prosecution claim is whether there was no probable cause for the criminal complaint. *See Lounder*, 205 P.2d at 238; *see also Thompson*, 84 P.3d at 503. Here, Defendants present evidence that, following the state court's suppression decision, the District Attorney determined not to proceed with the criminal complaint and moved to dismiss the complaint. Docket #66-1 at 2, ¶ 4; docket #66-4. There is no indication in the record that the state court issued a finding that the District Attorney had no probable cause to file the criminal complaint against Plaintiff.

Thus, the Court agrees with Defendants that Plaintiff has failed to establish an essential element of his malicious prosecution claim. *See Montgomery Ward & Co. v. Pherson*, 272 P.2d 643, 645 (Colo. 1954) (en banc) ("[t]he existence of probable cause is alone sufficient to relieve a defendant of a charge of malicious prosecution.").

With respect to the Plaintiff's conspiracy claim, this Court has construed the Amended Complaint to allege a "conspiracy to maliciously prosecute" claim against Defendants. Allegations of conspiracy may form the basis of a § 1983 claim. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990) (a "conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law" is actionable under § 1983). A plaintiff "must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). In addition, a plaintiff must allege specific facts showing an agreement and concerted action among the defendants. *Tonkovich*, 159

14

F.3d at 533 (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[c]onclusory allegations

of conspiracy are insufficient to state a valid § 1983 claim.")).

The Defendants contend that, since the Plaintiff has failed to establish his malicious

prosecution claim, he, in turn fails to establish his conspiracy claim. Plaintiff alleges in his June 22,

2009 declaration attached to his Amended Complaint that he "believe[s] the person on the other end

of the cellular telephone call plaintiff witnessed ... officer Peters making at the time of plaintiff's

detention was a supervisor in local law enforcement conspiring with officer Peters to carry out an

unconstitutional policy." Docket #24 at 15, ¶ 23. Again, the Court finds this assertion conclusory

without specific facts to support it. The Plaintiff makes no connection between the officer's

telephone call during the traffic stop and the Deputy District Attorney's subsequent decision to file

the criminal charges based upon evidence seized from the vehicle. Moreover, the Court agrees with

Defendants that, without a showing of malicious prosecution, the Plaintiff is unable to demonstrate

a conspiracy to violate his Fourth Amendment rights. *See Snell*, 920 F.2d at 701-02 ("a deprivation

of a constitutional right is essential to proceed under a § 1983 conspiracy claim").

Based on the foregoing, the Court recommends that, in the alternative, the District Court find

Defendants Baldonado, Bernal and Peters are entitled to qualified immunity on the constitutional

claims for malicious prosecution and conspiracy for Plaintiff's failure to demonstrate a genuine issue

of material fact as to the essential elements of the claims.

C.     State Law Claims

Defendants argue that Plaintiff's claims against them for assault and battery, intentional

infliction of emotional distress, and slander and libel (defamation) are barred by the statute of

limitations found at Colo. Rev. Stat. § 13-80-103. The statute provides, in pertinent part,

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

(a) The following tort actions: Assault, battery, false imprisonment, false arrest, libel, and slander; ...

(c) All actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority ....

Colo. Rev. Stat. § 13-80-103(1) (West 2010).

The Plaintiff presents no evidence raising any issues of fact concerning Defendants' argument, nor makes any argument that the statute of limitations should be tolled. It is undisputed that Plaintiff's claim arose no later than January 2, 2007 (*see* Plaintiff's June 22, 2010 Declaration at ¶ 2, docket #96 at 9; June 22, 2009 Declaration at ¶ 5, docket #24 at 12). Plaintiff filed the present action on January 5, 2009, approximately two years later. Docket #1.

Thus, this Court recommends that the District Court find the Defendants are entitled to summary judgment on the Plaintiff's state tort claims for assault and battery, intentional infliction of emotional distress, and slander and libel (defamation) brought against Defendants, all law enforcement officers, as they are barred by the applicable one-year statute of limitations found at Colo. Rev. Stat. § 13-80-103(1).

## **CONCLUSION**

Here, the Plaintiff has failed to raise any genuine issues of material fact demonstrating the Defendants personally participated in the alleged constitutional violations or establishing the essential elements of his claims for malicious prosecution and conspiracy against Defendants. Moreover, the Plaintiff fails to show factual issues as to whether his state tort claims are barred by the applicable one-year statute of limitations. This Court recommends finding that Defendants are

entitled to summary judgment on the challenged claims.  Accordingly, the Court RECOMMENDS

that Defendants' Corrected Motion for Summary Judgment [filed February 4, 2010; docket #66] be

**GRANTED** and Plaintiff's claims for malicious prosecution, conspiracy, assault, battery, intentional

infliction of emotional distress, and defamation be dismissed with prejudice.

Dated at Denver, Colorado, this 30th day of August, 2010.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge