IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity,
LARRY BALDONADO, in his official capacity,
DEREK PETERS, in his official capacity, and
JOE BERNAL, in his official capacity,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Amended Complaint, or, in the Alternative for Summary Judgment as to Defendant Newman [ECF No. 29]. This motion was referred to Magistrate Judge Michael E. Hegarty for a recommendation by Order of Reference [ECF No. 30]. Magistrate Judge Hegarty issued a Recommendation on Defendants' Motion on December 4, 2009, which recommended the Court grant in part and deny in part Defendants' Motion [ECF No. 39]. Defendants filed Objections to Magistrate Judge's Recommendations on December 18, 2009 [ECF No. 40]. Plaintiff filed his Objections on December 28, 2009 [ECF No. 48]. Plaintiff also moved to strike Defendants' Objections [ECF. No. 52] and Defendants' Response [ECF No. 58]. After a thorough review of the Recommendation in light of the objections and having

considered the pleadings and applicable law, I find that Magistrate Judge Hegarty's Recommendation should be affirmed and adopted as set forth below.

## I. LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, a district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 12(b)(6) "is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines*, 186 F.3d 1301, 1311 n. 3 (10th Cir. 1999), overruled on other grounds by *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). When dates given in a complaint make it clear that the right sued upon has been extinguished, "the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

## II. LEGAL ANALYSIS

### A. PLAINTIFF'S OBJECTIONS WERE TIMELY

Defendant suggests that Plaintiff's Objection, filed on December 28, 2009, was filed

ten-days after the deadline for filing objections and need not be considered by me in ruling on Magistrate Hegarty's recommendation. In his response, Plaintiff argues that "the due date for plaintiff's objection f[e]ll on a day the court was closed, December 24, 2009. Therefore, plaintiff's <u>timely</u> objection was filed the first day after that the court was open, which was December 28, 2009." *See* Pl.'s Mot., pp. 2-3 n.2 (emphasis in original). Plaintiff's analysis is correct. The certificate of service for Magistrate Hegarty's Recommendation is dated December 7, 2009. Excluding the day of the event that triggers the period (FED. R. CIV. P. 6(a)(1)(A)), Plaintiff was required to serve and file objections *within* 17 days (14 days (FED. R. CIV. P. 72(b)(2)) plus three days (FED. R. CIV. P. 6(d))). Accordingly, Plaintiff correctly notes that his Objection was due on December 24, 2009. In the calendar year 2009, only December 25, 2009 was a federal holiday which required the closure of this Court, not December 24, 2009. Per the terms of my General Order 2009-7, however, this Court was closed on December 24, 2009. Accordingly, pursuant to FED. R. CIV. P. 6(a)(1)(C), Plaintiff's Objection was due on Monday, December 28, 2009. Plaintiff's Objection was therefore timely filed.

### B. TOLLING OF THE STATUTE OF LIMITATIONS

Magistrate Judge Hegarty ruled that Plaintiff's §1983 claims for false arrest, false imprisonment and denial of property without due process should be dismissed because the claims are barred by the applicable two-year statute of limitation. *See* Rec., p. 11 [ECF No. 39]. Plaintiff first objects to this ruling on the basis that Magistrate Hegarty allegedly failed to consider state tolling rules in making his recommendation. Plaintiff suggests that equitable tolling under Colorado law would delay the running of the statute of limitations on

all of his §1983 claims. Plaintiff is incorrect. Even assuming Magistrate Judge Hegarty failed to consider state tolling rules in his analysis, a consideration of those principles does not render his claims timely.

The parties have correctly noted that Colorado's two-year statute of limitations governs Plaintiff's § 1983 claims for false arrest, false imprisonment and denial of property without due process claims. *Vaughn v. Krehbiel*, 367 F.Supp.2d 1305, 1310 (D.Colo. 2005). Plaintiff did not object to Magistrate Judge Hegarty's finding, based on the face of the Complaint, that the false arrest/imprisonment claims accrued on July 24, 2006.[1] Plaintiff must have therefore filed his claims prior on or before July 24, 2008 for them to be timely. Plaintiff filed his claims against Defendants on January 5, 2009. Accordingly, absent some basis to toll the statute of limitations, Plaintiff's claims are time-barred.

Plaintiff argues that equitable tolling principles apply here to save these claims. While Colorado case law recognizes the doctrine of equitable tolling, the doctrine is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (citation and internal quotation marks omitted). Colorado courts hold that the doctrine is "not favored," and the Colorado Supreme Court "has never found" the requisite "extraordinary circumstances" to exist. *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d

---

[1] In any event, I agree with Magistrate Judge Hegarty's conclusion as to when the cause of action for these claims accrued. Federal law controls issues related to when federal causes of action accrue. *Alexander v. Oklahoma* 382 F.3d 1206, 1215 (10th Cir. 2004). For example, the statute of limitations for false imprisonment claims begins to accrue when "a false imprisonment ends," namely "once the victim becomes held pursuant to [legal] process-when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 127 S.Ct. 1091, 1096 (2007).

849, 858 (Colo.Ct.App. 2007); *Brodeur,* 169 P.3d at 150.

In support of his suggestion that equitable tolling applies here, Plaintiff maintains that "Colorado state law allows for equitable tolling when defendants [*sic*] actions prevented plaintiff from filing suit." Pl.'s Resp., pp 3-4 [ECF No. 32]. In a footnote, Plaintiff elaborates on these "actions" by claiming that he "was barred from §1983 relief due to the defendants fraudulently continuing the prosecution of plaintiff from July 23, 2006 until January 2, 2007." These conclusory allegations fall well short of describing wrongful conduct or exceptional circumstances. It is not enough to merely suggest that Defendants engaged in "fraud" and then summarily conclude that equitable tolling applies. Rather, the Defendants' fraud must have somehow prevented or impeded the Plaintiff's ability to file suit. *Dean Witter Reynolds, Inc. V. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996)(citing cases). I am unable to conclude that Plaintiff has offered facts to establish that Defendants' alleged "fraud" impeded his ability to file claims for false arrest/imprisonment.[2] To the extent that Plaintiff seems to suggest that the existence of a malicious prosecution claim somehow tolled the statute of limitations for his wrongful arrest claim, Plaintiff has failed to cite any authority to support such a claim. In any event, it is well-settled that it is proper to dismiss untimely wrongful arrests claims and allow timely malicious prosecution claims to proceed. *Meadows v. Whetsel*, No. 06-6211, 227 Fed. Appx. 769, 772-73 (10th Cir. 2007).

---

[2]There is also no basis to find extraordinary circumstances on this record. The Colorado Supreme Court has identified cases from other jurisdictions finding extraordinary circumstances. *Dean Witter Reynolds*, 911 P.2d at 1097(citing *e.g., Hanger v. Abbott*, 73 U.S. (6 Wall.) 532, 18 L.Ed. 939 (1867) (finding extraordinary circumstances tolling statute of limitations where courts in southern states were closed during Civil War); *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590 (9th Cir.1991) (applying equitable tolling where district court's erroneous enforcement of an unconstitutional statute barred plaintiff from filing claims in a timely manner), rev'd on other grounds, 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Osbourne v. United States*, 164 F.2d 767 (2d Cir.1947) (holding plaintiff's internment by Japan during World War II tolled limitations period on his claim arising immediately prior to his internment). No similar circumstances are even remotely suggested to exist here.

### C. IMPACT OF *WALLACE V. KATO*

Defendant's second objection relates to the impact of the Supreme Court's decision in *Wallace v. Kato*, 127 S.Ct. 1091, 1096 (2007). With respect to this objection, however, Plaintiff failed to specifically identify those findings or recommendations to which the objection was being made. To the extent this objection relates to Plaintiff's state tolling argument, that objection has been rejected as discussed *supra.*

### D. CONTINUATION OF HARM

In his Objections, Plaintiff suggests, for the first time, that "[t]he continuation of harm inflicted on plaintiff tolled charges." Pl.'s Mot., p. 4 [ECF No. 48]. Plaintiff relies on a Supreme Court decision, *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101, 117 (2002), for this new theory. Again, however, Plaintiff fails to specify the findings or recommendations of Magistrate Judge Hegarty that relate to this objection. The most likely explanation for this omission by Plaintiff is that he never raised the issue of *Morgan* or its application in this case to Magistrate Judge Hegarty.[3] Plaintiff even cites *United States v. 2121 E. 20th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996) for the authority that "[a] district court judge need not consider issues raised for the first time in an objection[.]" Pl.'s Mot., p. 6, ¶6 [ECF No. 58]. Thus, under Plaintiff's own authorities this objection must be rejected.[4]

---

[3] Plaintiff also fails to acknowledge that his *Morgan* related arguments directly conflict with his repeated claims that "Colorado state tolling rules apply here." Pl.'s Mot., p. 2 [ECF No. 48].

[4] In any event, I find no basis to apply the continuing violations doctrine in this case. Plaintiff's claims do not qualify because the offending acts described in the Amended Complaint are discrete acts. "[A] plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt." *Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984); *see also Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." (citation and quotation omitted)). Further, there is nothing about the acts complained of here that would support a finding that they were part of "one event" as argued by Plaintiff.

*See also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010)(issues not presented to the magistrate are deemed waived).

### E.  DISMISSAL OF SHERIFF BRUCE NEWMAN

Magistrate Judge Hegarty concluded that Plaintiff's claims for malicious prosecution, defamation, assault, battery and conspiracy against Sheriff Bruce Newman in his individual capacity must be dismissed because Plaintiff did not allege personal participation.  In his Objection, Plaintiff clarifies that his claim against Sheriff Newman was two-fold: (1) for Sheriff Newman's "unconstitutional policy and custom which violated the eighth amendment guaranteeing right to reasonable bail"; and (2) a violation of the Fourteenth Amendment "for right to due process" when Sheriff Newman's agent demanded additional bail monies after bail was set by county judge.  Pl.'s Mot., pp. 6-7 [ECF No. 48].  Plaintiff further clarifies that "constitutional privations visited on plaintiff occurred <u>after</u> plaintiff was arraigned" and are therefore indistinguishable from "the tort of malicious prosecution."  *Id.* at p. 6 (emphasis in original).  In other words, Plaintiff concedes that Magistrate Judge Hegarty correctly dismissed his claims for defamation, assault, battery and conspiracy against Sheriff Newman. He takes issue, however, with dismissal of the Eighth Amendment excessive bail claim.  The problem with Plaintiff's argument, however, is that the "fee" charged by Sheriff Newman was not part of his bail set by the county judge.  Stated differently, Plaintiff cannot make a constitutional claim for excessive bail because his Amended Complaint establishes, on its face, that the "fee" was not part of his bail.

Plaintiff's claim is more accurately described as one related to the Fourteenth Amendment.  Basically, Plaintiff has alleged that Sheriff Newman's policy and custom to

charge a fee violated Plaintiff's constitutional rights under the Fourteenth Amendment not to be deprived of property without due process of law. This deprivation of property claim, however, was subject to the two-year statute of limitation I have previously found applicable here. Accordingly, Plaintiff's claim is time-barred as set forth above. All claims against this Defendant are therefore dismissed.

### F. DEFENDANTS' OBJECTION

Defendants have also filed an objection to Magistrate Judge Hegarty's Recommendation. Defendants object to the portion of the Recommendation that denied their motion to dismiss Plaintiff's claims for malicious prosecution and conspiracy to maliciously prosecute. Specifically, Defendants' object to Magistrate Judge Hegarty's reliance on "misrepresentations of Plaintiff" in reaching his conclusions. In other words, Defendants argue that Magistrate Judge Hegarty relied on allegations in the Complaint that were false, and attempt to introduce evidence to prove the falsity of the allegations. In advancing this argument, the Defendants appear to disregard that they filed their motion to dismiss pursuant to Rule12(b)(6), which requires the Court to accept as true the factual allegations of Plaintiff's Amended Complaint. Defendants arguments may be raised at the summary judgement stage of the proceedings. Accordingly, Defendant's Objections are rejected.

### G. MOTIONS TO STRIKE

Plaintiff moved pursuant to Federal Rule 12(f) to strike Defendants' Objection on the grounds that Defendants' Objection only contains material that redundant, immaterial, impertinent or scandalous. Plaintiff's motion is easily resolved based on the fact that Rule

12(f) does not provide the relief he seeks. Rule 12(f) provides:

> The court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

FED. R. CIV. P. 12(f)(emphasis added). Under rule 7(a), only a complaint, answer and reply constitute pleadings. FED. R. CIV. P. 7(a). Motions, responses to motions and other papers are not pleadings. FED. R. CIV. P. 7(a) and (b). The Tenth Circuit has stated that "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Security Admin.*, No. 91-4181, 1992 WL 43490, at *3 (10th Cir. March 2, 1992)(unpublished). "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore et.al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) (cited with approval in *Searcy*). Plaintiff's motion to strike is not directed at a pleading and clearly warrants denial on this basis.

Plaintiff has also moved to strike the Defendant's Response to Plaintiff's Objection to Magistrate Hegarty's Recommendation. This motion to strike must also be denied for the same reasons.

### III.   CONCLUSION

Accordingly, it is

ORDERED that Magistrate Judge Michael E. Hegarty Recommendation dated

-9-

December 4, 2009 is **AFFIRMED**, **ADOPTED** and **MODIFIED** as set forth above. It is

FURTHER ORDERED that Defendants' Motion to Dismiss Amended Complaint, or, in the Alternative for Summary Judgment as to Defendant Newman [ECF No. 29] is **GRANTED IN PART and DENIED IN PART.** The motion is **DENIED** as to Plaintiff's § 1983 claims for malicious prosecution and conspiracy against Defendants Larry Baldonado, Joe Bernal and Derek Peters. The motion is **GRANTED** as to all remaining § 1983 claims and those claims are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Defendants' Objections to Magistrate Judge's Recommendations filed on December 18, 2009 [ECF No. 40] are **DENIED**. Plaintiff's Objections filed on December 28, 2009 [ECF No. 48] are **DENIED**.

FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Objections [ECF. No. 52] is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Response [ECF No. 58] is **DENIED**.

Dated: September 24, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge