IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity,
LARRY BALDONADO, in his official capacity,
DEREK PETERS, in his official capacity, and
JOE BERNAL, in his official capacity,

    Defendants.

## **ORDER**

THIS MATTER is before me on Defendants' Corrected Motion for Summary Judgment and Brief in Support filed February 4, 2010 [ECF No. 66]. This motion was referred to Magistrate Judge Michael E. Hegarty for a recommendation by Order of Reference [ECF No. 67]. Magistrate Judge Hegarty issued a Recommendation on Defendants' Motion on August 30, 2010, which recommended the Court grant Defendants' Motion [ECF No. 100]. Plaintiff filed an Objection to the Recommendation on September 13, 2010. After a thorough review of the Recommendation in light of the objections and having considered all of the pleadings and applicable law, I find that Magistrate Judge Hegarty's Recommendation should be affirmed and adopted as set forth below.

## I. LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, a district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' " *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

If the movant properly supports a motion for summary judgment, the opposing party

may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. FED. R. CIV. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).

## II. LEGAL ANALYSIS

Plaintiff first objects to Magistrate Hegarty's decision to apply a one-year statute of limitations to his claims. Plaintiff argues, *inter alia*, that a two-year statute of limitations applies to §1983 claims and that the "law of the case" provides that a two-year statute of limitation applies. Plaintiff's objection, however, completely disregards the fact that Magistrate Judge Hegarty only ruled that a one-year statute of limitation applied to Plaintiff's remaining *state* law claims. Magistrate Judge Hegarty did not disturb his prior ruling, that has been affirmed by me, that a two-year statute of limitation applied to Plaintiff's §1983 claims. Plaintiff failed to advance any argument that Magistrate Judge Hegarty used the incorrect statute of limitation for the remaining *state* claims. Therefore, Plaintiff's objection lacks merit and must be denied.

Plaintiff also objects to Magistrate Judge Hegarty erred in relying on the affidavit of

Paul D. Wiese in ruling on the motion for summary judgment. Plaintiff claims that Mr. Wiese's deposition testimony demonstrates that his affidavit is false and he "lied by omission" in signing the affidavit. Plaintiff also claims that Mr. Wiese committed a "federal felony" by executing an affidavit that he knew to be materially false. I disagree with Plaintiff's characterization of Mr. Wiese's deposition testimony and affidavit. I am in complete agreement with Magistrate Judge Hegarty's analysis of the issue on pages 7-8 of his recommendation and incorporate that analysis and discussion herein by reference. It is significant that Plaintiff's Objection does not specifically address this section of the Recommendation. Instead, Plaintiff continues with his unsubstantiated accusations that Mr. Wiese is a liar, and now, a federal criminal. It would have been more helpful to the Court, as required by Rule 72, if the Plaintiff had specifically described how Magistrate Hegarty erred in reaching the conclusion that Mr. Wiese was incompetent to testify. Plaintiff's objection is denied.

Plaintiff makes no objection to the portion of the Recommendation that Defendants are entitled to qualified immunity on the constitutional claims for malicious prosecution and conspiracy. *See Rec.*, pp. 13-15. Plaintiff has therefore waived any review of these rulings.

### III. CONCLUSION

Accordingly, it is

ORDERED that Magistrate Judge Hegarty's Recommendation filed on August 30, 2010 [ECF No. 100] is **AFFIRMED AND ADOPTED**. It is

FURTHER ORDERED that Defendants' Corrected Motion for summary Judgment and Brief in Support filed February 4, 2010 [ECF No. 66] is **GRANTED** and Plaintiff's

federal claims for malicious prosecution and conspiracy and his state claims for assault, battery, intentional infliction of emotional distress, and defamation are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that the clerk of the court shall enter judgment in favor of Defendants. It is

FURTHER ORDERED that Defendants may have their costs by filing a bill of costs within eleven business days of the date of this Order.

Dated: September 24, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge