IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00050-WYD-MEH

ADAM KARTIGANER,

    Plaintiff,

v.

BRUCE NEWMAN, In his Official Capacity of Sheriff of Huerfano County, Colorado,
LARRY BALDONADO, In his Official Capacity of Police Chief of Walsenburg, Colorado,
DEREK PETERS, In his Official Capacity of Police Officer of Walsenburg, Colorado,
JOE BERNAL, In his Official Capacity of Police Officer of Walsenburg, Colorado,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Order and Final Judgment, for Intrinsic Fraud, Misrepresentation or Misconduct by the Opposing Party, or for any Other Reason that is Just [ECF No. 107].  Plaintiff moves for relief from the order and final judgment entered on September 28, 2010 [ECF No. 106]. Because Plaintiff is *pro se*, I will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Defendants did not file a response.

**I.**      **BACKGROUND**

Plaintiff initiated this action on January 5, 2009, alleging generally that he was falsely imprisoned and maliciously prosecuted before criminal charges against him were

eventually dropped. Judge Zita L. Weinshienk entered an order partially dismissing Plaintiff's case and allowing it to move forward only against Defendants Newman, Baldonado, Peters and Bernal. [ECF No. 6]. Plaintiff amended his complaint to assert additional claims against those four defendants. Defendants then filed a Motion to Dismiss the Amended Complaint, or, in the Alternative for Summary Judgment as to Defendant Newman [ECF No. 29]. Magistrate Judge Hegarty recommended that the Defendants' Motion to Dismiss be granted in part and denied in part [ECF No. 39], and I affirmed and adopted that Recommendation [ECF No. 102]. At that time, I allowed Plaintiff's § 1983 claims for malicious prosecution and conspiracy to move forward against Defendants Bladonado, Bernal, and Peters. All remaining § 1983 claims were dismissed with prejudice as time-barred. Defendants then filed a Corrected Motion for Summary Judgment and Brief in Support [ECF No. 66], which was referred to Magistrate Judge Hegarty. I then affirmed and adopted Magistrate Judge Hegarty's Recommendation to grant Defendants' motion. [ECF No. 105].

**II.   ANALYSIS**

Relief from a judgment pursuant to Rule 60(b) is at the sound discretion of this Court. *Valmont Indus., Inc. v. Enresco, Inc.*, 446 F.2d 1193, 1195 (10th Cir. 1971) (citation omitted). Furthermore, relief under Rule 60(b) is "warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44.

In the pending motion, Plaintiff seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6).  Fed. R. Civ. P. 60(b)(3) provides that a court may relieve a party from final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Proof of fraud upon the court must be by clear and convincing evidence.  *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).  Furthermore, the challenged behavior must substantially have interfered with the aggrieved party's ability to fully and fairly prepare for and proceed at trial.    *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation and citation omitted).

Rule 60(b)(6) provides that the court may relieve a party from a final judgment "[for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been described by this court as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver*, 952 F.2d at 1244 (internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).

Upon review of Plaintiff's motion, I find nothing therein that would justify setting aside the original judgment.  Plaintiff first argues that the attorneys for the Defendants committed fraud.  Plaintiff contends that Defendants committed fraud by submitting the affidavit of Paul Wiese, which Plaintiff contends contained false information.  This argument however, has already been presented and rejected by the Court.  In Plaintiff's objection to Magistrate Judge Hegarty's Recommendation, Plaintiff claimed that

Magistrate Judge Hegarty erred in relying on the affidavit of Paul D. Wiese in ruling on the motion for summary judgment. At that time, Plaintiff claimed that Mr. Wiese's deposition testimony demonstrated that his affidavit was false. I have already ruled that I disagree with Plaintiff's characterization of Mr. Wiese's deposition testimony and affidavit. [Order ECF No. 105]. Plaintiff has presented no information or arguments that would justify altering my previous ruling.

Next, Plaintiff argues that Defendants' motion for summary judgment was "inadequate on its face" and that the Court erred in granting the motion given applicable law. Plaintiff further contends that the Court erred with respect to its ruling on the statute of limitations issue and in its rationale for dismissing defendants from this suit. Again, Plaintiff presents no proper basis upon which relief may be granted. The arguments presented by Plaintiff have already previously been addressed. *See Van Skiver,* 952 F.2d at 1243 (recognizing that revisiting issues that have been previously addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate.") (internal quotation omitted).

Plaintiff also takes issue with two discovery rulings previously made in this case. First, Plaintiff challenges my order affirming Magistrate Judge Hegarty's Minute Order granting in part and denying in part Defendant's Amended Motion for a Protective Order [ECF No. 103]. Second, Plaintiff contends that the court erred by affirming Magistrate Judge Hegarty's denial of Plaintiff's motion to compel. [ECF No. 104]. Plaintiff's arguments with respect to these rulings likewise do not provide sufficient grounds under

Rule 60 to reconsider the judgment in this case. I note that a failure to disclose requested discovery may constitute the necessary misconduct under Rule 60(b)(3), but only when the failure is in direct violation of a court order. *See Zurich N. Am.*, 426 at 1292. Here, the relevant pleadings do not indicate that this Court ever issued an order that the Defendants deliberately violated. To the extend that Plaintiff alleges that the information was not made available to him because Magistrate Judge Hegarty limited the number of requests for admissions he could request, and because he denied Plaintiff's motion to compel, this certainly does not constitute grounds for relief under Rule 60. As I previously held, Magistrate Judge Hegarty's rulings were sound and not contrary to law. I therefore find Plaintiff's allegations and arguments to be insufficient under Rule 60 to relieve him from the Court's previous judgment. Plaintiff's arguments are, in essence, a rehashing of arguments previously advanced.

### III.    CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's Motion for Relief from Order and Final Judgment [ECF No. 107] is **DENIED.**

Dated: July 14, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge